# In the United States Court of Federal Claims

No. 19-923C

(E-Filed: June 10, 2020)

| | | |
|---|---|---|
| DONALD E. KING, | ) | |
| | ) | Motion for Judgment on the |
| Plaintiff, | ) | Administrative Record; RCFC 52.1; |
| | ) | Correction of Military Records; |
| v. | ) | Combat-Related Special |
| | ) | Compensation. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jason W. Manne, Pittsburgh, PA, for plaintiff.

Miles K. Karson, Trial Attorney, with whom appeared Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Hank D. Nguyen, Air Force Legal Operations Agency, Joint Base Andrews-Naval Air Facility, MD, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

      This matter is before the court on the parties' cross-motions for judgment on the administrative record (AR) pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims (RCFC).[1] See ECF No. 10; ECF No. 15. The court has reviewed plaintiff's complaint, ECF No. 1; the administrative record, ECF No. 9-3; plaintiff's motion for judgment on the AR, ECF No. 10; plaintiff's memorandum in support of his motion for judgment on the AR, ECF No. 12; defendant's response and cross-motion for judgment on the AR, ECF No. 15; plaintiff's response/reply brief, ECF No. 16; and, defendant's reply brief, ECF No. 17. Oral argument was deemed unnecessary. For the

---

[1] Also before the court in this matter is plaintiff's motion to produce a separate administrative record, ECF No. 11. Plaintiff subsequently withdrew this motion within his reply brief in support of his motion for judgment on the AR. See ECF No. 16 at 15-16. Therefore, the court shall deny plaintiff's motion to produce as moot.

reasons set forth below, plaintiff's motion for judgment on the AR is **DENIED**, and defendant's motion for judgment on the AR is **GRANTED**.

I.  Background

Plaintiff seeks review of the Air Force Board for Correction of Military Records' (AFBCMR) March 29, 2019 decision upholding the Air Force Personnel Center's (AFPC) denial of plaintiff's claim for Combat-Related Special Compensation (CRSC). See ECF No. 1; ECF No. 1-1 (AFBCMR decision dated March 29, 2019); ECF No. 12 at 6. Plaintiff entered the Air Force in 1960 and served three tours of duty in Southeast Asia early in his career. See ECF No. 9-3 at 4. Between March and September 1969, plaintiff served "in and around Phu Bai," Vietnam. Id. at 61. There were two military installations in the area—Camp Wilkinson and Camp Eagle—that were subject to mortar and rocket attacks during the period in which plaintiff was deployed. See id. at 145 (Deployment Completion Report dated January 17, 1970). Plaintiff acknowledges, however, that the military records "do not provide any documentation that [plaintiff] was personally present during these attacks." See ECF No. 12 at 9.

Plaintiff retired from the Air Force in 1981. See ECF No. 9-3 at 5. He asserts that he "has suffered from [post-traumatic stress disorder (PTSD)] symptoms since the 1980s," and sought disability benefits from the United States Department of Veteran's Administration (VA) in 2012. ECF No. 12 at 7; see also ECF No. 9-3 at 75 (Statement in Support of Claim for Service Connection for PTSD). The VA awarded plaintiff service-connected benefits in 2013 and assigned him a 30% disability rating for PTSD. ECF No. 9-3 at 72-74; see also id. at 84 (VA clinical psychologist concluding that plaintiff showed "PTSD that is no more than of mild intensity . . . based on his report of being exposed to rocket and mortar attacks" and noting that the psychologist gave "a large benefit of the doubt to the veteran"). Plaintiff then submitted a CRSC claim with the AFPC based on his disability rating and his assertions that his PTSD was the result of being subject to rocket and mortar attacks during his time in Vietnam. See id. at 67-69 (Claim for Combat-Related Special Compensation).

According to defendant, CRSC is an exception to the prohibition against veterans receiving both VA disability compensation and military retirement pay. See ECF No. 15 at 7. Defendant explains that if a veteran qualifies for CRSC, he or she is entitled to that compensation without the typical commensurate waiver of retirement pay. See id. The program is statutory and requires that the disability be "combat-related," meaning, as is relevant here, that it was "incurred (as determined under criteria prescribed by the Secretary of Defense) – (A) as a direct result of armed conflict." 10 U.S.C. § 1413a(e)(2)(A). The Department of Defense (DOD) has issued two relevant pieces of guidance related to CRSC, which specifically address the meaning of "combat-related." See ECF No. 15 at 10-11. The guidance provides that, to support a combat-related determination, an injury must have "a definite causal relationship" with the armed

2

conflict.  Id. at 11 (quoting Department of Defense Instruction (DODI) 1332.38, Paragraph E3.p.5.1.2).

The AFPC denied plaintiff's application for CRSC on December 31, 2013.  See ECF No. 9-3 at 5.  Plaintiff sought reconsideration of that denial four times and each time the AFPC denied plaintiff's application.  See id.  Plaintiff then sought review at the AFBCMR in June 2015.  See id. at 8.  The AFBCMR upheld the AFPC's denial in 2016.  See id. at 5-7.  Plaintiff then requested reconsideration based on new evidence, which the AFBCMR undertook.  See id. at 1 (AFBCMR Addendum to Record of Proceedings, March 29, 2019).

The new evidence that plaintiff submitted included a "buddy statement"—a statement authored by a fellow veteran.  See id. at 237.  In it, the author, an Air Force technical sergeant, declared that, while deployed to Phu Bai with plaintiff, "[they] received several rocket/mortar attacks" and "[d]uring these attacks [they] were forced to evacuate [their] living and work areas to proceed to the nearest bunker."  Id.  The AFBCMR also sought an advisory opinion from both an Air Force psychiatrist and from the AFPC.  Id. at 314-17 (Memorandum for AFBCMR from AFPC; Memorandum for AFBCMR from B. Hendlean, MD, Psychiatric Advisor to AFBCMR).

The AFBCMR noted that the AFPC "recommends denying the application."  Id. at 1.  It also observed that "[s]tatements from coworkers are rarely found to be persuasive in making CRSC determinations," because for the most part "the board is unable to verify the veracity of these types of evidence, which diminishes their credibility."  Id.  The AFBCMR ultimately concluded that, while it did not "question the applicant's diagnosed PTSD determination and rating by the VA," it accepted the "rationale and recommendation" of the AFPC.  Id. at 2.  The AFBCMR therefore recommended against correcting plaintiff's records.  See id.  Plaintiff then filed this case seeking review of that decision, while defendant maintains that the AFBCMR conducted its review in accordance with the required procedures.  See ECF No. 1; ECF No. 12; ECF No. 15.

II.     Legal Standards

When reviewing a matter pursuant to RCFC 52.1, the court "will not disturb the decision of the AFBCMR unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence."  Barnick v. United States, 591 F.3d 1372, 1377 (Fed. Cir. 2010) (citation omitted).  The court does not sit as a "super correction board," Skinner v. United States, 594 F.2d 824, 829 (1979) (citation and quotation marks omitted); therefore, when it reviews an AFBCMR decision, the court does not "reweigh[] the evidence, but [] determin[es] whether the conclusion being reviewed is supported by substantial evidence," Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983) (emphasis in original).

"Substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Strand v. United States, 951 F.3d 1347, 1351 (Fed. Cir. 2020) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)).  The court presumes that the AFBCMR's actions are valid, and "the burden is upon the complainant to show otherwise." Melendez Camilo v. United States, 642 F.3d 1040, 1045 (Fed. Cir. 2011) (citation omitted).  It further presumes that the AFBCMR "performed its function according to the regulations and considered all of [plaintiff's] records." Id. (citations omitted).

III.    Analysis

Plaintiff argues in his motion that the AFBCMR's decision was arbitrary and capricious because it was "internally inconsistent" and failed to account for his "buddy statement" evidence.  ECF No. 12 at 18-19.  Plaintiff asserts that the AFBCMR cannot both recognize the VA's disability determination and also reject plaintiff's statement that he was subject to rocket and mortar fire while stationed in Vietnam, which formed the basis for the VA determination.  See id. at 18.  He posits that "the acceptance of the VA's PTSD diagnosis by the AFBCMR necessarily means it also accepted that [plaintiff] was exposed to the trauma that was identified as the basis of the VA determination." ECF No. 16 at 11.  Plaintiff goes on to argue that the AFBCMR improperly rejected his buddy statement when it failed to analyze the "evidentiary weight" of the statement and instead relied on "untrue factual assertions about the alleged unreliability of buddy statements." ECF No. 12 at 21.  Plaintiff asserts that the AFBCMR merely considered "the general [Air Force] rule of prohibiting the use of buddy statements," ECF No. 16 at 14, rather than "analyz[ing] the evidentiary weight" of the statement, ECF No. 12 at 21.

Defendant responds that the AFBCMR's decision is neither arbitrary nor capricious because it properly considered all of the evidence before it and concluded that plaintiff failed to establish the required "definite causal relationship" between armed conflict and his diagnosis.  ECF No. 15 at 15.  Contrary to plaintiff's assertions, defendant argues, the AFBCMR considered plaintiff's proffered buddy statement and "concluded that the 'buddy statement' had minimal credibility and reliability" given the "dearth of documentary evidence" to support plaintiff's claim.  Id. at 15-16.  Defendant notes that, rather than an internal inconsistency, the differing conclusions between the VA and the AFBCMR are explained by the different standards for establishing service connection for VA disability claims and CRSC.  See id. at 16-18.  The VA standard permits the agency to make assumptions and rely on a party's statements, while CRSC requires a "definite, documented, causal relationship." Id. at 18.  Defendant points out that the AFBCMR considered all of the evidence in light of this CRSC requirement of "objective documentary evidence" to support a determination of a combat-related injury.  Id. at 17-18 (quoting ECF No. 9-3 at 60, AFPC Memorandum for AFBCMR).

Plaintiff replies that this differential standard "appears to be the crux of the parties' dispute." ECF No. 16 at 12.  Plaintiff explains that he is, in fact, challenging

4


"[t]he validity of this high CRSC evidentiary standard, and the lack of an explanation for the differing standards of proof applied to different types of service-connected disabilities." Id.  Plaintiff requests that the court hold that the CRSC "requirement of a heightened stringent evidentiary burden, including the requirement that veterans show a 'definite causal relationship' between combat events and their disability, cannot be utilized as a basis for denying [plaintiff] CRSC benefits." Id. at 13.

Defendant argues that a challenge under the Administrative Procedures Act, such as the one plaintiff appears to be advancing, is beyond the jurisdiction of this court. See ECF No. 17 at 18-19 (collecting case law supporting that proposition).  The regulations governing the CRSC program promulgated by DOD are entitled to deference, defendant asserts, and were appropriately applied by the AFBCMR in this case.  See id. at 12.

As an initial matter, administrative review cases are not meant to serve as vehicles for challenging an agency policy itself.  This court does not have jurisdiction to review the promulgation of DOD regulations as plaintiff requests, but instead sits to ensure that the AFBCMR's decision was not "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Barnick, 591 F.3d at 1377; Martinez v. United States, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (citing Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993)).  Thus, the court cannot and will not pass judgment on the purported "requirement of a heightened stringent evidentiary burden" in this case, except to determine whether the AFBCMR appropriately applied the standard to the evidence before it.  ECF No. 16 at 13.

In the court's view, the AFBCMR's decision was neither arbitrary nor capricious.  The gravamen of plaintiff's complaint is that the agency did not regard more favorably the evidence plaintiff provided to it.  But plaintiff has presented no evidence that the AFBCMR failed either to consider the facts and documents he brought before it, to apply incorrect law, or to make a decision unsupported by evidence.  Thus, plaintiff has not offered sufficient evidence or argument to overcome the presumption of regularity of the AFBCMR's decision and of its consideration of all of plaintiff's records.  See Melendez Camilo, 642 F.3d at 1045.

The AFBCMR considered the evidence plaintiff brought before it, not once, but twice, and appears to have endeavored to review plaintiff's entire record, including seeking recommendations from a psychologist and the AFPC.  See ECF No. 9-3 at 1-2.  The administrative record in this case reflects the significant evidence the AFBCMR did review.  See id. at 3 (listing exhibits the AFBCMR considered).  The AFBCMR also properly considered plaintiff's "buddy statement" evidence.  While it may not have given the evidence the weight plaintiff desired it to, the court will not "reweigh[] the evidence" for the AFBCMR.  Heisig, 719 F.2d at 1157.  The AFBCMR considered the statement, determined that it should be granted little weight given the lack of other corroborating documentary evidence, and made its ultimate conclusion based on the evidence in front of it.  See ECF No. 9-3 at 2.

The AFBCMR's decision is not made inconsistent by its application of the CRSC evidentiary standard, even if that standard requires more than the VA standard for a service-connected disability. And to the extent that the evidentiary requirements under the CRSC differ from those under the VA, the authority to harmonize the two lies outside of this court's jurisdiction.

Plaintiff has presented no evidence that the AFBCMR failed to apply the appropriate law, and the court cannot discern how the AFBCMR's decision is inconsistent with the law and policy it is required to apply. The court finds no procedural flaw in the AFBCMR's review that warrants overturning its decision.

IV.   Conclusion

Accordingly, for the foregoing reasons:

(1)   Plaintiff's motion for judgment on the administrative record, ECF No. 10, is **DENIED**;

(2)   Plaintiff's motion to produce a separate administrative record, ECF No. 11, is **DENIED** as moot;

(3)   Defendant's cross-motion for judgment on the administrative record, ECF No. 15, is **GRANTED**; and

(4)   The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint with prejudice.

IT IS SO ORDERED.

> s/Patricia E. Campbell-Smith
> PATRICIA E. CAMPBELL-SMITH
> Judge